IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZACHARY JEROME ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-703-WKW |
| | ) | |
| TROY KING, *in his official capacity as* | ) | |
| *Attorney General of the State of* | ) | |
| *Alabama, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. #1).

On 28 July 2009, this case was referred to the undersigned magistrate judge "for further

proceedings and a recommendation as may be appropriate, including further proceedings and

a recommendation on Mr. Ellis's motion for preliminary injunction." (Doc. #5). The Court

has reviewed Plaintiff's Motion for Preliminary Injunction (Doc. #1) and recommends that

the motion be DENIED.

## I.    BACKGROUND

Plaintiff brings this action pursuant to 42 U. S. C. A. § 1983 challenging the

constitutionality of the Alabama Community Notification Act ("CNA"), Alabama Code 1975

§ 15-20-20 through § 15-20-26.  Plaintiff is currently an inmate at "Staton Correctional

Facility in Elmore County, Alabama with an expected release date of August 14, 2009[,] .

. . was convicted in Montgomery County Circuit Court for Sodomy 1st degree[,] . . .

sentenced to a fifteen (15) year term of incarceration[,] . . . granted parole in August 1998, [and had his parole] revoked on or about July 2003."  (Doc. #1 at 2).

Plaintiff claims his Due Process rights will be violated because once he is released, Defendants will subject him to the requirements of the CNA, which will "subject[] him to public opprobrium and damage to his reputation without an opportunity to be heard." *Id*. at 2.  Plaintiff "alleges that the Defendants will apply the provisions of the CNA to him for LIFE without having an opportunity to [be] heard on the false implication and allegation that he is a danger to the public and will likely re-offend." *Id*.  Plaintiff also states that as a result of the "extremely burdensome and excessive" registration requirements of the CNA, he will be deprived of his rights to "take advantage of housing and employment opportunities well beyond those expressly forbidden" and his "legitimate privacy interest in his home address." *Id*. at 3.

Plaintiff makes an Equal Protection claim based on his allegation "that juvenile sex offenders are given individual risks [sic] assessments prior to release to determine danger and recidivism before being subject to the Public Notification provisions of the CNA and an [sic] adult sex offenders are not given individual risk assessments prior to release before being subject to the CNA Public Notification, Residency and Work restrictions for LIFE." *Id*. at 4.

Finally, Plaintiff make an "*Ex Post Facto* and Bill of Attainder claim" based on his allegation that "[t]he CNA legislatively determines that [he] is guilty of being a repeat

offender and a danger to his community because of his conviction in 1993 and has subjected him to the excessive provisions of the CNA without any judicial action," and the fact that "[t]he CNA increases the penalty of already existing law of Ala. Code (1975) § 13-11-200 which [he] was required to register under because of the date of his conviction being in 1993." *Id*. at 4-5.

Plaintiff alleges that although he is due to be released on 14 August 2009, "Defendants (and/or their agents) have determined that [his] address [in Montgomery] is in violation of the CNA and the Defendants (and/or their agents) have denied [Plaintiff's] alternate address and are planning to incarcerate [him] in the Montgomery County jail on August 14, 2009 because he does not have an address that they say will not be in violation of the CNA." *Id*. at 5. Accordingly, Plaintiff request this Court issue a "preliminary injunction enjoining the Defendants from enforcing the CNA on him and from placing him in custody of the Montgomery County Sheriff or in the custody of any other Sheriff, until this matter if fully heard in open court." *Id*. at 6.

## II.   DISCUSSION

 "A district court may grant [preliminary] injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *American Civil*

*Liberties Union of Fl., Inc. v. Miami-Dade County School Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id*. (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).

In denying Plaintiff's Motion for Temporary Restraining Order (TRO), the District Judge found that Plaintiff had not "carried his burden of demonstrating, among other things, a substantial likelihood of success on the merits." (Doc. #5 at 1). The standards for granting relief on a TRO and a Preliminary Injunction are the same. *See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits;"). Thus, there has already been a determination in this case that Plaintiff has failed to carry his burden of demonstrating a substantial likelihood of success on the merits. The undersigned, after having reviewed Plaintiff's claims agrees with the District Court's determination.

Because "[f]ailure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits," *American Civil Liberties Union of Fl., Inc.,* 557 F.3d at 1198, Plaintiff's Motion for Preliminary Injunction is due to be denied. Further, this Court notes that challenges to states' sex offender registration acts on these same grounds have been largely unsuccessful. *See e.g., Smith v.*

4

*Doe*, 538 U.S. 84 (2003).

## III.   CONCLUSION

Accordingly, for the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (Doc. #1) be DENIED. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before August 12, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 30th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE